**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Brent Daniel Van DeCasteele,        ) | No. CV 12-1158-PHX-RCB (BSB) |
|     Plaintiff,                                     ) | **O R D E R** |
|   vs.                                                ) |  |
| Maricopa County, et al.,                 ) |  |
|     Defendants.                                ) |  |

Plaintiff Brent Daniel Van DeCasteele, who is confined in the Arizona State Prison Complex-Eyman, Cook Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim with leave to amend. (Doc. 1, 11.) Plaintiff filed a First Amended Complaint and a motion for order for production of medical records. (Doc. 15, 16.) The Court denied the motion as premature and dismissed the First Amended Complaint for failure to state a claim with leave to amend. (Doc. 17.) Plaintiff has filed a Second Amended Complaint and a motion for extension of time to file medical files. (Doc. 18, 19.) The motion will be denied[1] and the Second Amended Complaint and this action will be dismissed for failure to state a claim.

---

[1] As the Court previously informed Plaintiff, the production of documents or other discovery is premature prior to the filing of a complaint that states a claim and service and appearance by any defendant

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

/ / /

## II. Second Amended Complaint

Plaintiff alleges three counts for threat to safety and denial of constitutionally adequate medical care. Plaintiff sues Maricopa County, Maricopa County Sheriff Joseph M. Arpaio, Nurse RN#218, Nurse RN# 984, Nurse RN #195, unknown x-ray technician or doctor, and unknown Health Care Provider (HCP). Plaintiff seeks injunctive and compensatory relief.

Plaintiff alleges the following facts in his Second Amended Complaint: while held in Maricopa County's Lower Buckeye Jail, Plaintiff was assigned to an upper bunk without a ladder or guardrail to prevent falling from the bunk. Plaintiff fell as he was climbing down from the upper bunk and landed on a steel table bolted to the wall. Plaintiff suffered internal bleeding, a severe fracture to the T-10 and T-11 vertebra, and nerve damage.

Plaintiff was examined by several nurses, and x-rays were taken at some point, which showed the fractures. Four days after the fall, Plaintiff was admitted to the Maricopa County Hospital's Intensive Care Unit for several days. Plaintiff had not been provided medical treatment prior to his hospital admission, although he had submitted several Health Needs Requests (HNRs) and a grievance. Plaintiff suffered severe pain and nerve damage.

## III. Failure to State a Claim

A plaintiff may seek relief for violations of his federal constitutional or statutory rights under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Sheriff Arpaio

Plaintiff again sues Sheriff Arpaio. Although Arpaio may properly be sued for constitutional violations, Plaintiff fails to state a claim against him. "A plaintiff must allege

- 3 -

1 facts, not simply conclusions, that show that an individual was personally involved in the
2 deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).
3 For an individual to be liable in his official capacity, a plaintiff must allege that the official
4 acted as a result of a policy, practice, or custom. See Cortez, 294 F.3d at 1188. Further,
5 there is no *respondeat superior* liability under § 1983, so a defendant's position as the
6 supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not
7 make him liable. Monell, 436 U.S. at 691; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
8 1989). A supervisor in his individual capacity, "is only liable for constitutional violations
9 of his subordinates if the supervisor participated in or directed the violations, or knew of the
10 violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

11 Plaintiff fails to allege any facts against Arpaio. Plaintiff does not allege that Arpaio
12 directly violated his constitutional rights. He also fails to allege facts to support that
13 Plaintiff's constitutional rights were violated as a result of a policy or custom promulgated
14 or endorsed by Arpaio. Accordingly, Plaintiff fails to state a claim against Arpaio and he
15 will be dismissed.

16       **B.**    **Unknown Health Care Provider**

17 Plaintiff sues an unknown Health Care Provider. Rule 10(a) of the Federal Rules of
18 Civil Procedure requires the plaintiff to include the names of the parties in the action. As a
19 practical matter, it is impossible in most instances for the United States Marshal or his
20 designee to serve a summons and complaint or amended complaint upon an anonymous
21 defendant.

22 The Ninth Circuit has held that where identity is unknown prior to the filing of a
23 complaint, the plaintiff should be given an opportunity through discovery to identify the
24 unknown defendants, unless it is clear that discovery would not uncover the identities, or that
25 the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d
26 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

27 In this case, Plaintiff fails to allege facts to support that the HCP violated his
28 constitutional rights. Plaintiff has not alleged facts to support that the unknown HCP knew

of Plaintiff's injuries, including when and how, and facts to support that despite such knowledge, the HCP failed to provide or obtain medical treatment for Plaintiff. Accordingly, Plaintiff fails to state a claim against the HCP and the HCP will be dismissed.

## C. Threat to Safety

Plaintiff designates Count I as a claim for threat to safety or conditions of confinement, apparently referring to the absence of guardrails or a ladder to descend from upper bunks. To state a claim under § 1983 for failure to protect or threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Id. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Id.

Plaintiff appears to contend that the absence of a ladder posed a threat to his safety and that he fell and injured himself because of the absence of a ladder.[2] Plaintiff fails to allege facts to support that the absence of a ladder posed a *substantial* threat to his safety. Moreover, Plaintiff fails to allege facts to support that anyone knew that the failure to provide ladders posed a *substantial* threat to his safety but failed to act to alleviate that threat. Further, Plaintiff fails to allege facts to connect any Defendant, or anyone else, to the asserted threat to his safety. For all of these reasons, Plaintiff fails to state a claim for threat to safety and Count I will be dismissed.

## D. Medical Care

Plaintiff designates Counts II and III as claims for constitutionally inadequate medical care. Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a

---

[2] The presence of a ladder does not eliminate the possibility of a fall.

1  plaintiff must show that the defendants acted with "deliberate indifference to serious medical
2  needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429
3  U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating
4  that failure to treat the condition could result in further significant injury or the unnecessary
5  and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.
6  Jett, 439 F.3d at 1096 (quotations omitted).

7  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,
8  1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know
9  of and disregard an excessive risk to inmate health; "the official must both be aware of facts
10 from which the inference could be drawn that a substantial risk of serious harm exists, and
11 he must also draw the inference." Farmer, 511 U.S. at 837.  Deliberate indifference in the
12 medical context may be shown by a purposeful act or failure to respond to a prisoner's pain
13 or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096.
14 Deliberate indifference may also be shown when a prison official intentionally denies,
15 delays, or interferes with medical treatment or by the way prison doctors respond to the
16 prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

17 Deliberate indifference is a higher standard than negligence or lack of ordinary due
18 care for the prisoner's safety. Farmer, 511 U.S. at 835.  "Neither negligence nor gross
19 negligence will constitute deliberate indifference." Clement v. California Dep't of Corr., 220
20 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458,
21 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice"
22 do not support a claim under § 1983).  "A difference of opinion does not amount to deliberate
23 indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242
24 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim
25 against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State
26 Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.
27 The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429
28 U.S. at 105.


Plaintiff sufficiently alleges that his injuries rose to the level of a serious medical need.  However, Plaintiff again fails to allege facts to support that any particular Defendant knew or should have known of his serious medical needs, including when and how, but nevertheless failed to provide or obtain medical care or treatment.  As in his First Amended Complaint, Plaintiff fails to allege facts to support that any Defendant, despite knowledge of Plaintiff's injuries, acted with deliberate indifference to his serious medical needs.  For that reason, Plaintiff again fails to state a claim for deliberate indifference to his serious medical needs.

**IV.    Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal."  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint.  Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend.  Moore, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court.  The Court finds that further opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)    Plaintiff's Second Amended Complaint (Doc. 18) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)    Plaintiff's motion for extension of time to file medical files is **denied** as moot. (Doc. 19.)

(3)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

1    (4)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.
2 § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this
3 decision would not be taken in good faith.

4    DATED this 8th day of February, 2013.

```
                    _____
                    Robert C. Broomfield
                    Senior United States District Judge
```